STATE OF NORTH CAROLINA v. JAY HAROLD PRESSLEY

No. 7529SC452

(Filed 19 November 1975)

1. Criminal Law § 75— in-custody statements — admissibility

Statements given by defendant to law enforcement officers who interrogated him after his arrest were made freely, voluntarily and intelligently where defendant was given full *Miranda* warnings and then waived his constitutional rights.

2. **Burglary and Unlawful Breakings § 10— possession of housebreaking implements — sufficiency of evidence**

> Evidence was sufficient to be submitted to the jury in a prosecution for possession of housebreaking implements where it tended to show that defendant's car was stopped, there were a number of housebreaking implements in his car, and defendant himself made admissible in-custody statements which connected him with a brace and bit which were found on the roof of a building in the area.

APPEAL by defendant from *Baley, Judge.* Judgment entered 20 March 1975 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 18 September 1975.

Defendant was tried upon a bill of indictment charging him with possession of housebreaking implements.

The evidence tends to show that Deputy Sheriff Charlie Freeman of Rutherford County stopped a car in which Jay Harold Pressley and Roger Dale Moose were riding on 27 September 1974. The officer released the vehicle and then called Deputy Sheriff Carol Guest and told him that the back seat of the car had been removed. Being suspicious of two men riding around at approximately 3:35 a.m. with the back seat of their car missing, Guest stopped the vehicle and asked for the driver's license and for the car's registration card. Upon finding that the car was registered to Pressley, Guest asked both men for permission to search the car. After they gave permission to search the car, Guest searched and found a hammer, saw blades, wire cutters, chisels, pliers, gloves, penlight, pistol, punches, mace, screw drivers, wrenches, and some plastic bags. However, Pressley testified that he did not give anyone permission to search his car. After holding a voir dire hearing and making findings of fact, the court concluded as a matter of law that Officer Guest had probable cause to stop the vehicle and that the occupants gave a voluntary consent and permission to search the car and that the search of the car was a proper and legal search. After being arrested and taken to jail, Pressley was advised of his rights by Sheriff Blane Yelton. Sheriff Yelton testified that Pressley signed a waiver of rights. Carol Guest testified that he saw Mr. Pressley sign the waiver of rights and that he (Guest) signed the waiver of rights as a witness. Pressley testified that he did not sign a waiver of his rights. After the voir dire hearing at which Sheriff Yelton and defendant Pressley testified about the waiver of rights, the court found facts and made conclusions of law. The court concluded

State v. Pressley

that any in-custody statements made by defendant were voluntarily made with full understanding of his constitutional rights, and that the defendant voluntarily waived each of these rights.

While in custody, the defendant made certain incriminating statements which connected him with a brace and bit which were found on top of the Roberts Chain Saw Building in Ruth, North Carolina. This building had been damaged during the night of 26 September 1974 or during the morning of 27 September 1974.

Defendant's motion for nonsuit was overruled. From a verdict of guilty and judgment pronounced thereon, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General William Woodward Webb and Associate Attorney Isaac T. Avery III, for the State.*

*Robert L. Harris, for defendant appellant.*

MARTIN, Judge.

[1] Defendant assigns error to the admission of statements given by the defendant to law enforcement officers who interrogated him after his arrest.

Two officers testified concerning an oral statement and a written statement given by the defendant to the officers as the result of an in-custody interrogation. Before admitting this evidence, the court conducted voir dire examinations and made full findings of fact. He found that, before the defendant was interrogated, he was given the full warning required by *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602. He also found that defendant waived his constitutional rights and that the defendant made the statements freely, voluntarily, and intelligently.

As our Supreme Court held in *State v. Jarrette,* 284 N.C. 625, 202 S.E. 2d 721 (1974):

"[t]hese findings, being fully supported by the evidence on the voir dire examination, are conclusive on appeal. (Citations.) An in-custody confession is competent if made voluntarily after the defendant has been given proper warning of his constitutional rights and has full knowledge thereof. (Citations.)"

Thus, defendant's contention that his in-custody statements were inadmissible into evidence is without merit.

Defendant next contends that the court erred in admitting the brace and bit into evidence since they were connected to the defendant by virtue of defendant's in-custody statements. It follows that the admission of the brace and bit was also proper since defendant's in-custody statements connected him with them.

[2] Defendant's next contention is that the court erred in overruling his motion for nonsuit. There is no merit in this assignment of error. "It is elementary that upon such motion the evidence of the State is to be considered in the light most favorable to it and contradictions, if any, in the testimony of the State's witnesses are to be disregarded. (Citations.)" *State v. Overman*, 269 N.C. 453, 153 S.E. 2d 44 (1967). There was positive testimony that when the Pressley car was stopped that defendant had a number of housebreaking implements in his car. The defendant himself made admissible in-custody statements which connected him with a brace and bit which were found on the roof of the Roberts Chain Saw Building. This evidence is sufficient to carry the case to the jury. This assignment of error is also overruled.

For the reasons stated, we find

No error.

Chief Judge BROCK and Judge VAUGHN concur.